GIOVANINA CAPORASO, APPELLANT, v. SAMUEL SCHECHNER, RESPONDENT.

Submitted October 30, 1931—Decided February 1, 1932.

For the appellant, *Frank E. Bradner.*

For the respondent, *Edward M. McGlynn.*

PER CURIAM.

The plaintiff, a married woman, brought this suit to recover from the defendant the sum of $3,905.24, which she claimed was due to her from moneys collected by the defendant on a mortgage for $5,940 that he held in trust for her. The defendant denied liability, and claimed that the mortgage, which was taken in his name, although it was a purchase-money mortgage for property sold by the plaintiff and her husband to one Luciani, was held by him under an agreement between the plaintiff, through her husband acting as her agent, and himself, which entitled him to deduct and retain from the mortgage debt moneys owed by the plaintiff to him, amounting alltogether to $2,034; and that the surplus remaining after deducting that indebtedness belonged to him by reason of a contract entered into between the plaintiff, together with her husband, and himself, by the terms of which he was to acquire by purchase from her all her right and interest in the mortgage debt upon the payment of an agreed upon sum, to wit, $3,250, which sum, he asserted, he subsequently paid.

When the case came on to be tried, there was an order of reference made in the matter to a Supreme Court commissioner to state the account between the parties. He heard the testimony on both sides and reached the conclusion that, under the proofs, the defendant was not indebted to the plaintiff in any sum, he having established by a preponderance of the evidence the facts set up in his answer, and he so reported to the Circuit Court. Exceptions having been taken to the report by the plaintiff, the case came on to be tried before the court in due course, and the parties then agreed that the matter should be heard by the court without a jury and that the determination of the court should be based upon the testimony taken before the referee. The trial resulted in an affirmance by the Circuit Court of the referee's decision, and the plaintiff has appealed from the judgment entered in pursuance thereof.

The first ground of appeal argued on the part of the appellant is that the judgment under review should be reversed

because there was no evidence whatever to sustain the finding of the Circuit Court that the husband, in his transactions with the defendant relating to the subject-matter of the litigation, was her duly authorized agent. Our examination of the testimony leads us to the conclusion that this contention is not justified. In other words, that there was proof of such relationship between the appellant and her husband in the latter's transactions with the respondent. We are not judicially interested in the question whether the proofs submitted on this point by the plaintiff outweighed the evidence submitted by the defendant, for on the review of a judgment in a court of law the weight of the testimony is not involved.

The second ground urged for a reversal is that there was no evidence of a ratification by the appellant of her husband's acts relating to the subject-matter of the suit, and that, consequently, she cannot be bound by such acts. The argument in support of this contention is that a party is not bound by the acts of an apparent agent where such agency does not exist in fact unless such acts are afterward acquiesced in or ratified by the apparent principal. The legal proposition, if sound, has no application to a case like that now before us, where the basis of the decision is that the husband was in fact the duly qualified agent of the wife in his transactions with the defendant relating to the subject-matter of the litigation.

The next contention is that the agreement signed by the wife and her husband, by the terms of which she contracted to transfer to the respondent her interest in the mortgage for a specified sum, is not binding upon her, because the sum agreed upon was several hundred dollars less than the actual amount which she was entitled to receive from the mortgagor. We are not able to see any merit in this contention. A person holding a security is not by law prohibited from selling it for less than the face value thereof, if he desired to do so. Where such a sale is made in good faith and the purchase price agreed upon is paid by the purchaser and accepted by the vendor, the former is entitled to hold the security as the *bona fide* purchaser thereof for value.

Lastly, it is argued that the respondent is estopped from claiming any credit for the money which he paid for the wife's interest in the mortgage, because the contract for this purchase and sale was entered into by the parties for the purpose of defrauding the creditors of the plaintiff's husband. This point also is without merit. There is nothing in the brief of counsel for the appellant referring to proof which supports this claim of fraud, and we have not been able to find any such proof from an examination of the testimony sent up with the appeal. But, if there had been such proof, it would not be conclusive, but would merely raise a question of fact, to be determined by the trial court sitting as a jury, and the finding of fact by the court would not be reviewable on appeal.

These are the only grounds urged for reversal, and we conclude that the judgment under review should be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 15.

*For reversal*—None.